IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 17-cr-00235-PAB-4

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4.  SUSANA LARA-GUERRA,

    Defendant.

___

### ORDER
___

This matter is before the Court on defendant Susana Lara-Guerra's Motion for Reduction Per First Step Act [Docket No. 286]. On August 8, 2018, Ms. Lara-Guerra pled guilty to use of a communication facility to facilitate the commission of a drug felony in violation of 21 U.S.C. § 843(b). Docket No. 192 at 1. On November 9, 2018, the Court sentenced Ms. Lara-Guerra to 48 months imprisonment. *See* Docket No. 238; Docket No. 240. Ms. Lara-Guerra is currently incarcerated at FCI Aliceville, Aliceville, Alabama. *See* Docket No. 286 at 1.

On June 15, 2020, Ms. Lara-Guerra filed this motion for compassionate release pursuant to the First Step Act, although pursuant to which particular sections of that act is unclear.[1] *Id.* at 1. An attorney entered his appearance on behalf of Ms. Lara-Guerra shortly after she filed her motion. *See* Docket No. 287. However, the attorney never supplemented Ms. Lara-Guerra's pro se motion. As a result, the Court directed Ms.

___

[1] Ms. Lara-Guerra cites Title I, recidivism reduction, and Title VI, regarding low risk prisoners, as the statutory basis for his motion. *Id.* at 1-2.

Laura-Guerra's attorney to inform the Court whether a supplement to the pro se motion would be filed.  *See* Docket No. 288.  The attorney stated that no supplemental motion would be filed, Docket No. 289, and he moved to withdraw.  Docket Nos. 290, 292.  As a result, the Court ordered the government to respond to Ms. Lara-Guerra's pro se motion, Docket No. 291, to which the government responded on October 15, 2020.  Docket No. 293.  Ms. Lara-Guerra appears to request that she be released from prison to home confinement, probation, or supervised release due to her good time credits and lower risk level.  Docket No. 286 at 1-2.

Section 3582(c)(1)(A) permits a district court to "reduce [a] term of imprisonment" in certain circumstances[2] "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Ms. Lara-Guerra does not supply the Court with any information regarding whether she attempted to exhaust administrative

---

[2] Under 18 U.S.C. § 3582(c)(1)(A), the Court may order release if it finds that:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2

remedies before filing her motion. *See generally* Docket No. 286. Thus, Ms. Lara-Guerra has failed to demonstrate that she has "exhausted all administrative rights" or that 30 days have elapsed from the warden receiving Ms. Lara-Guerra's request for a sentence reduction, as the statute requires. Accordingly, the Court does not have jurisdiction to consider Ms. Lara-Guerra's request for compassionate release.[3] *See United States v. Keith*, 2019 WL 6617403, at *1 (W.D. Okla. Dec. 5, 2019) (finding that, where § 3582(c)(1)(A)'s exhaustion requirement is not satisfied, the court is "without jurisdiction to entertain [defendant's] request for compassionate release"); *see also United States v. Feiling*, 453 F. Supp. 3d 832, 840-41 (E.D. Va. 2020) (finding that the court is without authority to grant a sentence modification under § 3582(c)(1)(A) absent exhaustion of administrative remedies).

It is therefore

**ORDERED** that defendant Susana Lara-Guerra's Motion for Reduction Per First Step Act [Docket No. 286] is **DENIED** without prejudice.

DATED December 14, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

---

[3] As a result, the Court does not address the government's argument that the Court lacks authority to release Ms. Lara-Guerra to home confinement. *See* Docket No. 293 at 2-3.